IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY
FILED
Jan 11 2021
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 5:21-CV-7 (Bailey) ) |
| v. | ) ) |
| ROUTE 22 SPORTS BAR, INC. and CRAZY MEXICAN RESTAURANT & GRILL, LLC, | ) **COMPLAINT AND JURY TRIAL** ) **DEMAND** ) ) ) |
| Defendants. | ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Charging Party Madelene M. Billick and a class of aggrieved female employees who were adversely affected by such practices. As alleged with greater particularity in Paragraphs 1-41, Defendants Route 22 Sports Bar, Inc. and Crazy Mexican Restaurant & Grill, LLC subjected Madelene M. Billick and a class of aggrieved current and former female employees to a hostile work environment because of their sex (female). Defendants also subjected Madeline M. Billick to adverse alteration of the terms and conditions of her employment in retaliation for opposing Defendants' unlawful employment practices.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this civil action under 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the U.S. District Court for the Northern District of West Virginia.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action under Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all times relevant, Defendants Route 22 Sports Bar, Inc. and Crazy Mexican Restaurant & Grill, LLC ("Defendants"), incorporated and organized under the laws of the State of West Virginia, have continuously been doing business in Hancock County of the State of West Virginia, and each has continuously had at least fifteen (15) employees.

5. At all times relevant, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

6. At all times relevant, Defendants have operated as a single statutory "employer" within the meaning of Section 701(b) of Title VII, 42 U.S.C. § 2000e(b):

    (a) Defendants are co-owned and operated by the same persons, spouses Evelyn Cruz and Carlos Cruz Perez;

    (b) Defendants share the same principal office address;

    (c) Defendants share the same head officer, Evelyn Cruz;

    (d) Labor relations practices and decisions concerning both Defendants are controlled by the aforementioned co-owners, including but not limited to hiring, firing, pay decisions, and employee work schedules; and

      (e)      Defendants share multiple employees.

## ADMNISTRATIVE PROCESS

7.      More than thirty (30) days prior to this lawsuit, Madelene M. Billick filed charges of discrimination with EEOC alleging that Defendants violated Title VII by subjecting her to discrimination because of sex (female) and retaliation for opposing unlawful employment practices.

8.      On August 28, 2020, EEOC issued to Defendants two Letters of Determination finding reasonable cause to believe Title VII was violated with respect to Madelene M. Billick and a class of female employees and inviting Defendants to join with EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory employment practices and provide appropriate relief to Madelene M. Billick and a class of female employees.

9.      EEOC engaged in communication with Defendants to provide them with the opportunity to remedy the discriminatory practices described in the Letters of Determination.

10.      EEOC was unable to secure from Defendants a conciliation agreement that was acceptable to EEOC.

11.      On October 7, 2020, EEOC issued to Defendants Notices of Failure of Conciliation.

12.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## GENERAL FACTUAL ALLEGATIONS

13.      Since at least November 19, 2017, Defendant Crazy Mexican Restaurant & Grill, LLC has been co-owned by spouses Evelyn Cruz ("Ms. Cruz") and Carlos Cruz Perez ("Mr. Perez").

14.      Since at least October 3, 2018, Defendant Route 22 Sports Bar, Inc. has been co-owned by spouses Ms. Cruz and Mr. Perez.

15. As co-owners of Defendants, Ms. Cruz and Mr. Perez each possess authority to take material employment actions concerning employees of Defendants, including but not limited to, hiring, firing, scheduling/work assignments, and other material employment actions.

16. Prior to receiving from EEOC the first charge of discrimination filed by Madelene M. Billick, EEOC Charge No. 533-2020-00631, Defendant Crazy Mexican Restaurant & Grill, LLC did not have a sexual harassment policy for employees.

17. Prior to receiving from EEOC the first charge of discrimination filed by Madelene M. Billick, EEOC Charge No. 533-2020-00631, Defendants did not have complaint procedures for employees to report sexual harassment, sex discrimination, or retaliation for opposing such practices.

18. Prior to receiving from EEOC the first charge of discrimination filed by Madelene M. Billick, EEOC Charge No. 533-2020-00631, Defendants did not provide employees with any training on sexual harassment, sex discrimination, or retaliation for opposing such practices.

*Madelene M. Billick's Employment*

19. Ms. Billick, a female, began working at Defendant Crazy Mexican Restaurant & Grill, LLC as a server and bartender on or about September 23, 2019.

20. Ms. Billick began working at Defendant Route 22 Sports Bar, Inc. as a bartender on October 21, 2019.

21. At both Defendants, Ms. Billick was supervised by co-owner Mr. Perez.

22. Beginning in September 2019 and continuing through her termination on December 29, 2019, Defendants subjected Ms. Billick to a continuing course of unwelcome and offensive harassment because of her sex (female), including but not limited to the following conduct:

(a) In late September 2019, Mr. Perez began referring to Ms. Billick as "mi

amor" ("my love" in Spanish), asking her questions about her personal and dating life, and texting her on her personal cell phone after work hours.

(b) In early October 2019, Mr. Perez requested that Ms. Billick text him a picture of herself while she was at her college's homecoming. Ms. Billick sent him an innocent picture of her with her friends, hoping that it would stop his messages. However, Mr. Perez texted her a picture of a female's buttocks clothed in jeans and said, "This is what I want to see." Mr. Perez also warned Ms. Billick not to tell his wife, co-owner Evelyn Cruz (hereinafter "Ms. Cruz"), that they were texting because it would make her jealous.

(c) Male servers at Defendant Crazy Mexican Restaurant & Grill, LLC also subjected Ms. Billick to constant sexual harassment throughout her employment. They frequently asked her out on dates, requested to see pictures of her, and told her they wanted to "cha cha" (have sex) with her. Ms. Billick always refused. These male servers also touched her without her consent on numerous occasions. For example, they jumped on her, touched her breasts, kissed her shoulder, and pulled her close to them against her will.

(d) Ms. Billick reported the coworker harassment to manager Nester Ricardo Palma Juarez in October 2019. Defendants failed to take any corrective action in response to Ms. Billick's reporting of the harassment.

(e) On or about October 21, 2019, Defendant Route 22 Sports Bar, Inc. opened for business, and Ms. Billick began working there as a bartender. During her first week on the job, Mr. Perez offered to help her get a keg from the beer cooler because it was too heavy for her to move on her own. While they were in the beer cooler, Mr. Perez grabbed Ms. Billick and pulled her into him against her will so that they were facing chest-to-chest. He then called her "mi amor" and made a comment about keeping her warm. Ms. Billick

pushed Mr. Perez away and ran back to the bar.

(f) On or around the first week of November 2019, Mr. Perez asked Ms. Billick to go to his office to discuss how to create a button for the register at the bar that would allow bartenders to transfer customers' tabs to servers. When Ms. Billick got to his office, he told her to shut the door. Mr. Perez then grabbed Ms. Billick's hand, pulled her on his lap, rubbed his hand over her vagina against her will, and said, "Can't I have just one kiss?" Ms. Billick pushed Mr. Perez away and told him to never touch her like that again.

(g) On December 8, 2019, Mr. Perez sent Ms. Billick a text offering to pay her for sex. Ms. Billick did not send a response to the text. Because she refused to respond to his text, Mr. Perez removed Ms. Billick from Defendant Crazy Mexican Restaurant & Grill, LLC's schedule for a week, causing a loss of pay.

(h) By the end of December 2019, Mr. Perez began spreading a false rumor to Ms. Billick's coworkers that he paid her for sex.

(i) On or about December 23, 2019, Mr. Perez pulled Ms. Billick aside and told her that there were rumors about the two of them (Mr. Perez and Ms. Billick) having an intimate relationship. Ms. Billick told Mr. Perez that he needed to stop the rumors because nothing ever happened between them.

(j) On December 27, 2019, co-owner Ms. Cruz asked Ms. Billick about the rumors. Ms. Billick explained that the rumors were not true and left work early because she was so upset. Ms. Cruz then asked Ms. Billick's coworkers about the rumors. Ms. Billick asked Mr. Perez to clear things up with Ms. Cruz because nothing ever happened between them.

(k) On the night of December 28, 2019, Ms. Billick reported all of Mr. Perez's

harassment to Ms. Cruz. Ms. Billick showed Ms. Cruz all the text messages that Mr. Perez sent her.

(l) Mr. Perez texted Ms. Billick at 1:26 a.m. on December 29, 2019 and asked her what she told Ms. Cruz. Ms. Billick told him not to text her unless it was work related. Mr. Perez then discharged Ms. Billick from her employment.

(m) On January 1, 2019, Ms. Billick attempted to report for her next shift for Defendants, but she was locked out of the computer system. Ms. Cruz then informed Ms. Billick that she was fired because Mr. Perez denied the reported harassment.

*A Class of Aggrieved Current and Former Female Employees*

23. Since at least June 2018 and ongoing through the present, Defendants have subjected a class of current and former female employees, the majority of whom are between 18-25 years old, to a continuing course of unwelcome and offensive harassment because of their sex (female), including but not limited to the following conduct:

(a) Mr. Perez regularly leers at female employees and makes inappropriate sexual comments to or about them. Specifically, Mr. Perez commented on their breasts, instructed them to wear "short shorts," asked if their skin was soft all over their body, and made comments about their boyfriends or personal dating life.

(b) Mr. Perez texts female employees on their personal cell phones. On at least one occasion, Mr. Perez propositioned a female employee and asked her to meet him at a hotel.

(c) Mr. Perez lures, or attempts to lure, female employees to his office, after making it clear that his office is secluded and does not have observation cameras. On at least two occasions, Mr. Perez directed female employees to change their shirt in front of

him in his office. These employees refused.

(d)     Mr. Perez intentionally brushes parts of his body against female employees' bodies without their consent, has touched them on their backs, and in some instances has assaulted them.

## CAUSES OF ACTION

### COUNT I: Hostile Work Environment Because of Sex

24. EEOC repeats and incorporates by reference the allegations set forth in Paragraphs 1-23.

25. Defendants subjected Ms. Billick to unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by creating a hostile work environment because of sex (female).

26. In addition to Ms. Billick, Defendants subjected a class of aggrieved current and former female employees to unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by creating a hostile work environment because of sex (female).

27. The discriminatory practices described above were unwelcome; based on sex; offensive; and sufficiently severe or pervasive, both objectively and subjectively, to alter the terms and conditions of employment for Ms. Billick and a class of aggrieved current and former female employees.

28. Defendants are automatically liable for the harassing conduct of their alter ego/proxy, co-owner Carlos Cruz Perez.

29. Alternatively, Defendants are vicariously liable for the harassing conduct of their supervisory employee, co-owner Carlos Cruz Perez.

30. Defendants also knew or should have known about the harassment committed by

their non-supervisory employees but failed to take prompt, reasonable remedial action to prevent or correct the harassment.

31. The effect of the practices complained of in Paragraphs 24-30, above, has been to deprive Ms. Billick and a class of aggrieved current and former female employees of equal employment opportunities and to otherwise adversely affect their status as employees because of sex (female).

32. The unlawful employment practices described above were and are intentional.

33. The unlawful employment practices described above were and are done with malice or reckless indifference to the federally protected rights of Ms. Billick and a class of female employees.

**COUNT II: Retaliatory Adverse Change in Terms or Conditions of Employment**

34. EEOC repeats and incorporates by reference the allegations set forth in Paragraphs 1-23.

35. Ms. Billick engaged in protected opposition to employment practices made unlawful by Title VII, including, among other ways, by objecting to co-owner Mr. Perez's sexual discrimination and harassment.

36. Defendants took adverse actions against Ms. Billick, among other ways, by (a) removing her from the schedule when they opposed; and (b) terminating her employment.

37. Defendants took these actions against Ms. Billick because of her protected opposition to unemployment practices made unlawful by Title VII.

38. Defendants engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by subjecting Ms. Billick to retaliation for engaging in protected opposition to employment practices made unlawful by Title VII.

39. The effect of the practices complained of in Paragraphs 34-38, above, has been to deprive Ms. Billick of equal employment opportunities and to otherwise adversely affect her status as an employee because of her conduct protected under 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

40. The unlawful employment practices described above were intentional.

41. The unlawful employment practices described above were done with malice or reckless indifference to the federally protected rights of Ms. Billick.

**PRAYER FOR RELIEF**

Wherefore, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their owners, members, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants, from engaging in, or failing to take prompt, corrective action in response to, sex-based harassing conduct and other employment practices that discriminate based on sex.

B. Grant a permanent injunction enjoining Defendants, their owners, members, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants, from retaliating against any individual who engages in protected activity under Title VII, including but not limited to individuals who report instances of sex-based harassment or discrimination or who fail or refuse to acquiesce to such conduct.

C. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities and ensure Defendants' operations are free from sex-based harassment, sex discrimination, and retaliation, including but not limited to: (1) the institution of effective anti-harassment, discrimination, and retaliation policies; (2) the institution of effective complaint procedures, including but not limited to informing all employees that any

complaints or reports of sex-based harassment or retaliation in which Mr. Perez is the alleged perpetrator of such conduct should be made directly to EEOC and supplying Defendants' employees with contact information for EEOC official(s) designated to receive such complaints; (3) the posting of notices required under Title VII; and (4) mandatory training on sex harassment/discrimination and retaliation for all managers and employees.

D.	Order Defendants to submit periodic reports to EEOC identifying all complaints or observations of alleged sex-based harassment, sex discrimination, and/or retaliation for engaging in protected activity under Title VII that are received by Defendants and any corrective actions taken in response to those complaints or observations.

E.	Order Defendants to make whole Ms. Billick and a class of aggrieved current and former female employees by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to instatement or reinstatement and front pay.

F.	Order Defendants to make whole Ms. Billick and a class of aggrieved current and former female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 13 through 41, above, which were incurred as a result of Defendants' conduct, in amounts to be determined at trial.

G.	Order Defendants to make whole Ms. Billick and a class of aggrieved current and former female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in Paragraphs 13 through 41, above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H. Order Defendants to pay Ms. Billick and a class of aggrieved current and former female employees punitive damages for their malicious and reckless conduct described in Paragraphs 13 through 41, above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award EEOC its costs of this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
GENERAL COUNSEL

ROBERT A. CANINO
ACTING DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office

*Ronald L. Phillips* by MB per authorization
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
OH Bar No. 0070263
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6714
Fax: (410) 962-4270

Email: ronald.phillips@eeoc.gov

*/s/ Megan M Block*

MEGAN M. BLOCK
TRIAL ATTORNEY
PA Bar No. 319263
EEOC – Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: (412) 588-6934
Fax: (412) 395-5749
Email: megan.block@eeoc.gov

WILLIAM J. POWELL
UNITED STATES ATTORNEY

BY: */s/ Stephanie K. Savino*

STEPHANIE K. SAVINO
ASSISTANT UNITED STATES ATTORNEY
WV State Bar No. 13684
United States Attorney's Office
U.S. Courthouse and Federal Building
1125 Chapline Street, Suite 3000
Wheeling, WV 26003
Phone: (304) 234-0100
Fax: (304) 234-0112
Email: stephanie.k.savino@usdoj.gov

*Counsel for United States*