## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. EQUAL EMPLOYMENT          )
OPPORTUNITY COMMISSION,        )
                              )
       Plaintiff,          )     **Civil Action No. 5:21-cv-00007**
                              )
v.                            )     **Honorable John Preston Bailey**
                              )
ROUTE 22 SPORTS BAR, INC.     )
and CRAZY MEXICAN             )
RESTAURANT & GRILL, LLC,      )
                              )
       Defendants.         )
_____)

## CONSENT DECREE

    Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") instituted this action against Route 22 Sports Bar, Inc. and Crazy Mexican Restaurant & Grill, LLC ("Defendants") to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its Complaint, EEOC alleged that Defendants violated Title VII by subjecting Charging Party Madelene M. Billick and a class of other aggrieved female employees to a hostile work environment because of their sex (female) and by retaliating against Ms. Billick for opposing unlawful employment practices.

    As a result of settlement discussions, EEOC and Defendants (hereinafter, collectively, "the Parties") desire to resolve this action without the time and expenditure of contested litigation. Accordingly, the Parties agree that this action should be resolved through entry of this Consent Decree ("Decree"). This Decree, once approved and entered by the Court, shall fully resolve all claims alleged in EEOC's Complaint filed in this case.

**STIPULATIONS**

A.      The Parties acknowledge the jurisdiction of the United States District Court for the Northern District of West Virginia over the subject matter of this action and the Parties to this action for purposes of entering this Decree and, if necessary, enforcing this Decree.

B.      Venue is proper in this judicial district for purposes of entering this Decree and any proceedings related to enforcement of the Decree.

C.      The Parties agree that all conditions precedent to the institution of this action have been fulfilled.

**FINDINGS**

Having carefully examined the terms and provisions of this Decree, and based on the pleadings and stipulations of the Parties, the Court finds the following:

A.      The Court has jurisdiction over the subject matter and the Parties in this action.

B.      The terms of the Decree are lawful, fair, adequate, reasonable, and just.

C.      The Decree conforms to the Federal Rules of Civil Procedure and Title VII, and it is not in derogation of the rights or privileges of any person. The entry of this decree will further the interests of Title VII and will be in the best interest of the Parties, those for whom EEOC seeks relief, and the public.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**DEFINITIONS**

A.      As used in this Decree, the term "complaint" shall mean any allegation or report made by any person, whether or not substantiated by evidence, whether or not made in conformity with Defendants' established procedures (so long as knowledge of the complaint may be imputed

to Defendants), made by any means of communication, regarding potential discrimination or harassment committed by any employee, officer, director, owner, or customer of Defendants.

B.      The term "Eligible Claimant" shall refer to the individuals listed in Exhibit C.

C.      The term "days" shall mean calendar days unless business days are clearly specified in a specific provision of the Decree. If any deadline referenced in this Decree shall fall on a weekend or a federal holiday, the deadline shall be moved to the next business day.

D.      The term "employee" shall be construed in accordance with applicable Title VII case law defining the meaning of the term "employee" and "employer." The term "employee" shall specifically include all full-time and part-time employees of Defendants.

E.      The term "Effective Date" shall be the date that the Court approves and enters this Decree as an order of the Court.

**EFFECTIVE DATE, DURATION, AND RETENTION OF JURISDICTION**

1.      This Decree shall become effective immediately upon the Effective Date and shall remain in effect until its expiration date, which shall be four (4) years immediately following the entry of the Decree. However, notwithstanding the foregoing, Paragraph 5 of this Decree shall continue in full force and effect after the expiration date and will remain binding on the Defendants indefinitely.

2.      For the duration of this Decree, and indefinitely thereafter regarding the prohibitions set forth in Paragraph 5, the Court shall retain jurisdiction over the action to enforce the terms of the Decree and shall have all available remedies to enforce the Decree, including but not limited to monetary sanctions and injunctive relief.  Should the Court determine that any party has not complied with this Consent Decree, appropriate relief, including but not limited to

extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

## INJUNCTION

3.      Defendants, their owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Defendants are hereby enjoined from engaging in any employment practice that discriminates against any employee because of sex, including but not limited to (a) creating, facilitating, or tolerating the existence of a hostile work environment because of sex; and/or (b) taking any adverse action, or subjecting any employee to an adverse alteration in the terms or conditions of employment, because of sex.

4.      Defendants, their owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Defendants are hereby enjoined from engaging in any form of retaliation against any person because such person has (a) opposed any practice made unlawful or reasonably believed to be unlawful under Title VII; (b) filed a charge of discrimination under Title VII; (c) testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII; (d) requested or received relief under this Decree; and/or (e) asserted any rights under this Decree.

## SPECIFIC RESTRICTIONS CONCERNING CARLOS CRUZ PEREZ

5.      Defendants shall not authorize or permit Carlos Cruz Perez to hold any supervisory position within the meaning of *Vance v. Ball State University*, 570 U.S. 421 (2013), and any other controlling precedent, nor shall Defendants authorize or permit Carlos Cruz Perez, while acting on behalf of either Defendant, to engage in any direct communication with, or work supervision or oversight regarding, any employee of either Defendant.  Notwithstanding the duration of this Decree, this provision shall not expire except by further order of the Court.

## **MONETARY RELIEF**

6.      Within fifteen (15) days of Defendants receiving (through its counsel of record in this action) a Title VII Claims Release and Waiver fully executed by Charging Party Madelene Billick in the form attached as Exhibit A, Defendants shall pay Charging Party Madelene Billick total monetary relief in the amount of Ninety-Five Thousand Dollars ($95,000.00). Fifteen Thousand Dollars ($15,000.00) of that total shall constitute back pay and the remaining Eighty Thousand Dollars ($80,000.00) shall constitute compensatory damages. Defendants shall pay this total monetary relief to Charging Party Madelene Billick via two (2) checks, according to the following requirements:

(a)      Defendants shall issue one Fifteen Thousand Dollar ($15,000) check to Madelene Billick containing the portion of the total monetary relief designated as back pay.  Defendants shall make all legally required federal, state, and local payroll tax withholdings from the amounts set forth in Paragraph 6, above, that are designated as back pay and front pay. Defendants shall be responsible for paying their own share of all payroll tax liability required by law, including but not necessarily limited to employer contributions under FICA. This check shall be accompanied by a written description setting forth the type and amount of payroll tax withholdings made.

(b)      Defendants shall issue a second Eighty Thousand Dollar ($80,000) check to Madelene Billick containing the portion of the total monetary relief designated as compensatory damages, which shall be paid to Ms. Billick in full without any payroll tax withholdings or deductions.  Payment made by

Defendants' insurance carrier(s) directly to Ms. Billick of the full compensatory damages amount in compliance with Paragraph 6 requirements shall constitute payment by Defendants for purposes of this Decree.

(c)     Defendants shall ensure that the checks in this Paragraph are made payable to "Madelene Billick." Defendants (or their insurance carrier(s), as applicable) shall deliver the two checks to Charging Party Madelene Billick via express overnight mail or other method capable of being tracked at an address to be provided by EEOC.

(d)     In the event that Defendants (or their insurance carrier(s), as applicable) are unable to complete delivery of the checks to Charging Party Madelene Billick, they shall promptly contact Senior Trial Attorney Megan Block at EEOC's Pittsburgh Area Office to obtain a current address for Ms. Billick or to otherwise make alternative arrangements for payment. Defendants (or their insurance carrier(s), as applicable) shall exercise reasonable diligence when attempting payment delivery or, upon failure of delivery, working with EEOC to make alternative arrangements for payment delivery.

(e)     At the time that Defendants issue IRS Form W-2's to their employees, Defendants shall issue and deliver to Charging Party Madelene Billick an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-MISC for the monetary relief amount constituting compensatory damages. Issuance of an IRS Form 1099-MISC in compliance with this requirement by Defendants' insurance carrier(s)

6

directly to Ms. Billick regarding the compensatory damages amount paid by them shall constitute issuance of an IRS Form 1099-MISC by Defendants for purposes of Defendants' compliance with this Decree.

(f)   Within ten (10) days from the date that Defendants (or their insurance carrier(s), as applicable) make the payments required above to Charging Party Madelene Billick, Defendants shall send copies of the checks issued to Charging Party Madelene Billick, written description of payroll tax withholdings made, and proof of express mail delivery to EEOC Senior Trial Attorney Megan Block at EEOC's Pittsburgh Area Office.

7.   Defendants shall pay total monetary relief of One Hundred Twenty-Two Thousand Five Hundred Dollars ($122,500.00) to all Eligible Claimants as specified in Exhibit C. Within fifteen (15) days of Defendants receiving (through its counsel of record in this action) a Title VII Claims Release and Waiver fully executed by each Eligible Claimant in the form attached as Exhibit B, Defendants shall pay the Eligible Claimant according to the following requirements:

(a)   All monetary relief paid to Eligible Claimants shall be designated as compensatory damages and shall not be subject to payroll withholdings or deductions.

(b)   Payment made by Defendants' insurance carrier(s) and/or insurance broker(s) directly to the Eligible Claimant(s) of the full compensatory damages amount in compliance with Paragraph 7 requirements shall constitute payment by Defendants for purposes of this Decree.

(c)   Defendants shall ensure that the checks in this Paragraph are made payable to each Eligible Claimant. Defendants (or their insurance carrier(s) and/or

insurance broker(s), as applicable) shall deliver the checks to Eligible Claimants via express overnight mail or other method capable of being tracked at an address to be provided by EEOC.

(d)     In the event that Defendants (or their insurance carrier(s) and/or insurance broker(s), as applicable) are unable to complete delivery of a check to any Eligible Claimant, they shall promptly contact Senior Trial Attorney Megan Block at EEOC's Pittsburgh Area Office to obtain a current address for the Eligible Claimant or to otherwise make alternative arrangements for payment. Defendants (or their insurance carrier(s) and/or insurance broker(s), as applicable) shall exercise reasonable diligence when attempting payment delivery or, upon failure of delivery, working with EEOC to make alternative arrangements for payment delivery.

(e)     At the time that Defendants issue IRS Form W-2's to their employees, Defendants shall issue and deliver to each Eligible Claimant an IRS Form 1099-MISC for the monetary relief amount constituting compensatory damages. Issuance of an IRS Form 1099-MISC in compliance with this requirement by Defendants' insurance carrier(s) and/or insurance broker(s) directly to the Eligible Claimant(s) regarding the compensatory damages amount paid by them shall constitute issuance of an IRS Form 1099-MISC by Defendants for purposes of Defendants' compliance with this Decree.

(f)     Within ten (10) days from the date that Defendants (or their insurance carrier(s) and/or insurance broker(s), as applicable) make the payments required to the Eligible Claimants as specified in Exhibit C, Defendants

shall send copies of the checks issued to each Eligible Claimant and proof of express mail delivery to EEOC Senior Trial Attorney Megan Block at EEOC's Pittsburgh Area Office.

## TITLE VII NOTICE

8.     Within fifteen (15) days of the Effective Date, Defendants shall post a copy of the Notice to All Employees, attached hereto as Exhibit D (hereinafter "Notice"), in an employee breakroom, restroom, or other conspicuous location accessible to employees at Route 22 Sports Bar, Inc. and Crazy Mexican Restaurant & Grill, LLC. The notice shall be posted in English and Spanish and shall be signed by Defendants' owners. The Notice shall be posted for the duration of this Decree. Defendants shall ensure that the Notice required under this Paragraph remains posted, and that it is not altered, defaced, or covered by any other material for the duration of the Decree.

9.     Within fifteen (15) days of the Effective Date, Defendants shall also provide a copy of the Notice referenced in Paragraph 8, above, to each employee.

10.     Within fifteen (15) days of the Effective Date, Defendants shall certify, in writing to EEOC, that they have complied with the posting requirements in Paragraphs 8-10.

## DEVELOPMENT OF TITLE VII POLICIES AND PROCEDURES

11.     Within thirty (30) days of the Effective Date, Defendants shall create an anti-discrimination policy and complaint procedure for employees to make complaints of discrimination and harassment (hereinafter, collectively referred to as "Policies"), which shall be submitted to EEOC for review prior to implementation by Defendants. The Policies set forth in this Paragraph shall be written in both English and Spanish, and Defendants shall exercise reasonable care to ensure that the Spanish-language translations are accurate and comprehensive. The Policies shall comply with Title VII and include at least the following minimum content:

(a)     Anti-Discrimination Policy. This policy shall contain: (i) a description of the kinds of conduct that constitutes discrimination, including but not limited to sexual harassment and other sex discrimination; (ii) a discussion of the meaning of the phrase "hostile work environment"; (iii) a statement that employees will not be retaliated against for complaining about discrimination or harassment; (iv) a discussion of the kinds of retaliation prohibited under Title VII, with examples; (v) a statement that sexual harassment and other forms of discrimination will not be tolerated and that any employee (including owners, supervisors, and managers) found to be in violation of the policy will be subject to disciplinary action, up to and including termination; and (vi) a requirement that all managerial and supervisory employees have a duty under the policy to promptly report all complaints or observations of alleged discrimination or harassment to any owner, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including termination.

(b)     Complaint Procedure. This complaint procedure shall include (i) multiple avenues for employees to make complaints of discrimination or harassment, including reporting such complaints to any owner, manager, or supervisor. The complaint procedure shall be designed to be reasonably accessible to all employees, shall deem oral complaints or reports to be sufficient to trigger an investigation, and shall not impose unreasonable burdens or requirements on employees seeking to complain or report; (ii) a statement that Defendants shall promptly investigate all complaints or reports of

10

discrimination and harassment; shall keep complaints and reports confidential except to the extent disclosure of information is necessary to conduct the investigation or comply with government inquiries; and shall document, in writing, the results of such investigations; (iii) a statement that Defendants will not retaliate against any individual who makes a complaint of discrimination or harassment or who provides information or assistance in any investigation of such complaint; (iv) a statement that Defendants will promptly notify the complaining employee of its investigation findings and any disciplinary action taken in response to his or her complaint; and (v) a statement that an employee may file a charge of discrimination with the U.S. Equal Employment Opportunity Commission or any applicable state fair employment practices agency (and provide contact information for such agencies), in addition to filing a complaint with Defendants.

12.    Within thirty (30) days of the Effective Date, Defendants shall send copies of the Policies referenced in Paragraph 11 to EEOC for review. Thereafter, EEOC shall be afforded a period of fifteen (15) days to conduct a pre-implementation review of the Policies and provide any comments concerning the Policies or their implementation that EEOC deems warranted. Upon request by EEOC, Defendants shall confer in good faith with EEOC concerning the Policies and any EEOC comments.

13.    Subject to any Motion filed by EEOC pursuant to Paragraph 26, within forty-five (45) days of the Effective Date, Defendants shall implement the Policies. To implement the Policies, Defendants shall: (a) integrate the Policies, in English and Spanish, in an employee policy or other policy manual; (b) distribute the Policies, in English and Spanish, to each of its current

owners, officers, directors, and employees (both managerial and non-managerial); and (c) obtain a signed acknowledgment that each owner, officer, director, and employee (both managerial and non-managerial) has read and understood the Policies. The signed acknowledgement referenced in this Paragraph shall be retained for the duration of this Decree.

14.     Within ten (10) days from the date that Defendants implement the Policies set forth in Paragraph 11, Defendants shall send EEOC a copy of the final Policies implemented by Defendants and certify, in writing to EEOC, that such Policies have been implemented in the manner set forth in Paragraph 13.

## TITLE VII TRAINING

15.     Within sixty (60) days from the Effective Date, Defendants shall provide no less than two (2) hours of mandatory training on Title VII and Defendants' Policies required by Paragraph 11 to all of Defendants' owners, officers, directors, and employees (managerial and non-managerial). This training shall be conducted live and involve an interactive component. For any employees who are limited English proficient but who speak Spanish, the training shall be presented to them in Spanish, and Defendants shall exercise reasonable care to ensure that the Spanish presentation/interpretation is accurate and comprehensive. The training content shall accurately convey Title VII requirements and, at a minimum, include a discussion of the following topics: (a) Title VII's prohibition against harassment, other discrimination, and retaliation; (b) the kinds of conduct that constitutes prohibited sexual harassment and discrimination, including examples of such conduct; (c) the kinds of retaliation prohibited under Title VII, including examples of such conduct; (d) Defendants' Policies set forth in Paragraph 11; (e) Defendants' procedures for reporting, investigating, and responding to allegations of discrimination and

harassment; and (f) the disciplinary consequences for any employees, including owners, managers, and supervisors, found in violation of Defendants' policies.

16.     Within seventy-five (75) days from the Effective Date, Defendants shall provide no less than three (3) hours of mandatory training on proficient, lawful methods and techniques for conducting Title VII investigations and responding to employee complaints of harassment and discrimination to any of Defendants' owners, officers, directors, and employees with authority to investigate or respond to employee complaints of discrimination and harassment. This training shall be conducted live and involve an interactive component. For any individuals who are limited English proficient but who speak Spanish, the training shall be presented to them in Spanish, and Defendants shall exercise reasonable care to ensure that the Spanish presentation/interpretation is accurate and comprehensive. The training conducted shall accurately convey Title VII requirements and proficient, lawful methods and techniques for conducting investigations and responding to employee complaints of discrimination and harassment. At a minimum, the training shall include a discussion of the following topics:

(a)     an overview of the law regarding sexual harassment and retaliation and employer duties related to the same;

(b)     Defendants' requirement under its Policies that all managers and supervisors have a duty under Defendants' policies to promptly report any and all complaints or observations of alleged discrimination or harassment to any owner, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including termination;

(c)     an acknowledgment that information regarding past complaints, allegations, or investigations of discrimination or harassment of a similar nature and

13

involving the same individual then-being investigated shall be considered highly relevant evidence in any pending investigation;

(d)  that Defendants' personnel conducting investigations into allegations of discrimination and harassment are required to research whether such past complaints or investigations exist by reviewing all records available to them;

(e)  that complaint and investigation procedures must be conducted in a manner reasonably calculated to ensure language accessibility for all individuals with whom Defendants communicate (e.g. Spanish language communications with limited English proficient workers whose first language is Spanish through an interpreter or direct communication with an official authorized to conduct the investigation who is a fluent Spanish speaker);

(f)  that Defendants' former employees may also be sources of highly relevant evidence and should be contacted during investigations, if appropriate;

(g)  techniques for conducting witness interviews;

(h)  techniques for assessing witness credibility, particularly but not exclusively for situations in which there is conflicted testimony or an absence of corroboration;

(i)  the need to investigate whether corroborative evidence exists, but that corroborative evidence is not required to make a finding that allegations of discrimination or harassment are substantiated or well-founded;

(j)      the need to ensure that, in response to employee complaints of discrimination and harassment, Defendants undertake corrective action reasonably calculated to end any discriminatory or harassing conduct and to prevent its reoccurrence;

(k)      post-investigation procedures for monitoring the work environment, including but not limited to conducting follow-up interviews of employees and explicitly asking such persons whether any discrimination or harassment of a similar type to that investigated is ongoing or has taken place since the original complaint;

(l)      the need to monitor and audit any post-complaint or investigation personnel actions taken against any complainants or witnesses to any investigations to ensure that retaliation is not taking place;

(m)      the need to document complaint investigations, including taking and retaining notes of interviews conducted and fully documenting questions and answers; and

(n)      Defendants' record retention obligations under this Decree relating to any discrimination and harassment complaints or investigations.

17.      Defendants shall select one or more qualified third-parties to conduct the trainings described in Paragraphs 15 and 16. At least thirty (30) days before the date that Defendants intend to conduct the trainings described in Paragraphs 15 and 16, Defendants shall submit to EEOC a list of all persons (by name and job title) who will be required to attend the trainings and copies of the proposed training curricula. Defendants shall also submit to EEOC for review the name(s) and curricula vitae of the instructors that Defendants have selected for the trainings.

18.     After Defendants transmit to EEOC the information set forth in Paragraph 17, EEOC shall be afforded a period of fifteen (15) days to conduct pre-implementation review of the proposed instructors and training curricula and provide any comments concerning the trainings that EEOC deems warranted. Upon request by EEOC, Defendants shall confer in good faith with EEOC concerning the trainings and any EEOC comments.

19.     Defendants shall maintain attendance logs for all persons who attend the trainings set forth in Paragraphs 15 and 16 and retain such attendance logs for the duration of the Decree.

20.     Within ten (10) days from the date that Defendants conduct the training described in Paragraphs 15 and 16, Defendants shall send EEOC a copy of the final training curricula for each training, a list of all persons (by name and job title) who attended each training, and a list of persons to whom Defendants are required by this Decree to present such training but who did not receive it.

21.     For the duration of this Decree, Defendants shall also provide the training described in Paragraph 16 to all new owners, officers, directors, and employees who assume responsibility for investigating or responding to employee complaints of discrimination and harassment after the initial training date. This training shall be held within ten (10) days of the date that such individual(s) start in their new positions or duties.

**RECORD KEEPING AND REPORTING REQUIREMENTS**

22.     For the duration of this Decree, Defendants shall retain all documents related to (a) the Policies set forth in Paragraph 11, including any changes to the Policies or their implementation; (b) the training curricula, attendance logs, and acknowledgements set forth in Paragraphs 15, 16, and 19-20; (c) any complaints of discrimination, harassment, and/or retaliation that Defendants receive from their employees; (d) any complaints alleging mistreatment of any

16

kind by Carlos Cruz Perez, relatives, and/or persons acting on his behalf that Defendants receive from their employees; and (e) any investigations and corrective action that Defendants undertake in response to such complaints. Such documents shall include, but are not limited to, any and all written correspondence, notes, text messages, emails, photographs, video recordings, policies, PowerPoints, training materials, memoranda, written statement, charges of discrimination, internal complaint documents, lawsuits, witness statements, internal reports, investigation findings, and disciplinary actions. Copies of all such documents shall be produced to EEOC within fifteen (15) days of any written request for their production by EEOC.

23.     For the duration of this Decree, Defendants shall report to EEOC all complaints alleging sexual harassment, sex discrimination, and/or retaliation that it receives from employees; all complaints from employees alleging mistreatment, of any kind, by Carlos Cruz Perez, relatives, and/or persons acting on his behalf; and Defendants' response(s) to such complaints.

24.     At a minimum, the reports in Paragraph 23 shall include: (a) the date of the complaint; (b) a detailed description of the complaint allegations; (c) the full name, job title, residence address, and last known phone number(s) of any employee who made the complaint; (d) the full name and job title of all person(s) against whom the complaint was made; (e) the full names and job titles of all Defendants' personnel who conducted or participated in the investigation of such complaint; (f) the full name(s), job title(s), residence address(es), and last known phone number(s) of all persons interviewed in connection with the investigation; (g) a complete narrative description of the questions asked of, and statements made by, any persons interviewed in connection with the investigation; and (h) any investigation findings and/or corrective actions that Defendants undertook in response to each complaint.

25.     The reports required by Paragraphs 23-24 shall be sent to EEOC no later than fifteen (15) days after receipt of any complaints, with a second report for each complaint due no more than fifteen (15) days after Defendants take final action in response to the complaint. All reports shall be transmitted to Senior Trial Attorney Megan Block at EEOC's Pittsburgh Area Office.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

26.     Upon Motion of EEOC, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Prior to filing such Motion, EEOC shall notify Defendants, in writing, of any alleged noncompliance. Upon receipt of written notice, Defendants shall have fifteen (15) days either to correct the alleged non-compliance, and so inform EEOC, or deny the alleged noncompliance in writing.

(a)     If the Parties cannot in good faith resolve their dispute, EEOC may file a Motion to seek review by the Court;

(b)     Each Party shall bear its own costs, expenses, and attorney fees incurred in connection with such action; and

(c)     Jurisdiction to resolve any dispute arising under the Decree resides in the United States District Court for the Northern District of West Virginia.

27.     EEOC, its agents, and employees shall possess legal authority to enter either of Defendants' restaurants, with reasonable prior notice to Defendants and their counsel, and obtain access to any and all documents for the purposes of inspection and duplication, conduct interviews or depositions of any person, inspect any area of the facility, and perform any other investigatory technique or procedure permitted by Title VII and EEOC's regulations. To monitor and ensure compliance with any provision of this Decree, EEOC shall also possess the legal authority to

18

require appearance and testimony of Defendants' personnel (at reasonable times and locations) at interviews or depositions and to obtain  production of documents within fifteen (15) days of Defendants' receipt of EEOC's written request for production. EEOC may at any time move the Court for a hearing for the purpose of compelling Defendants to cooperate in any aspect of this Paragraph. Neither EEOC's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other EEOC authority to conduct investigations of Defendants that are provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII; the Equal Pay Act ("EPA"); the Age Discrimination in Employment Act ("ADEA"); Titles I or V of the Americans with Disabilities Act, as amended ("ADA"); the Genetic Information Nondiscrimination Act of 2008; and any other statute over which EEOC is given jurisdiction in the future; and conducting directed investigations under the EPA, ADEA, and any future statute that authorizes direct investigations.

## COURT COSTS AND ATTORNEY FEES

28.     The Parties shall bear their own costs, expenses, and attorney fees in this action.

## MISCELLANEOUS PROVISIONS

29.     This Decree constitutes the entire agreement and commitments of the Parties on matters raised herein and is not subject to modification except upon order of this Court. In the event that the Parties propose to make any modifications to this Decree by their mutual consent, they shall submit such proposed modifications to the Court by Joint Motion, and such modifications shall not be effective unless approved by order of the Court.

30.     If any provision of this Decree is found to be unlawful, only the specific provision in question shall be affected and all other provisions of this Decree shall remain in full force and effect.

31.     When this Decree requires Defendants to submit reports, certifications, notices, or

other materials to EEOC, they shall be sent via email or U.S. mail to:

Megan M. Block
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
megan.block@eeoc.gov

32.     This Decree may be executed in counterparts.


[The remainder of this page is intentionally left blank.]

**IT IS AGREED:**

**FOR THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

GWENDOLYN YOUNG REAMS
ACTING GENERAL COUNSEL

LISA MORELLI
ACTING ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

*Debra M Lawrence* by MB per authorization
DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: _10/19/21_

*Ronald Phillips* by MB per authorization
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
OH Bar No. 0070263
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6714
Fax: (410) 962-4270
Email: ronald.phillips@eeoc.gov

Dated: _10/19/21_

*Megan M Block*
MEGAN M. BLOCK
SENIOR TRIAL ATTORNEY
PA Bar No. 319263
EEOC – Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: (412) 588-6934
Fax: (412) 395-5749
Email: megan.block@eeoc.gov

Dated: _10/19/21_

**FOR ROUTE 22 SPORTS BAR, INC. AND CRAZY MEXICAN RESTAURANT & GRILL, LLC**

_____
MARLA PRESLEY
WV Bar No. 9771
JACKSON LEWIS P.C.
1001 Liberty Ave., Suite 1000
Pittsburgh, PA 15222
Phone: 412-338-5148
Fax: 412-232-3441
marla.presley@jacksonlewis.com
*Counsel for Route 22 Sports Bar, Inc.*

_____
EDWARD I. LEVICOFF
WV Bar No. 12486
The Levicoff Law Firm
4 PPG Place, Suite 200
Pittsburgh, PA 15222
Phone: 410-415-2005
Fax: 410-415-2001
elevicoff@Levicofflaw.com
*Counsel for Crazy Mexican Restaurant & Grill, LLC*

Dated: _____

_____
EVELYN CRUZ
OWNER OF ROUTE 22 SPORTS BAR, INC. AND CRAZY MEXICAN RESTAURANT & GRILL, LLC

Dated: _____

21

**IT IS AGREED:**

FOR THE U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION:

GWENDOLYN YOUNG REAMS
ACTING GENERAL COUNSEL

LISA MORELLI
ACTING ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

_____
DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: _____

_____
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
OH Bar No. 0070263
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6714
Fax: (410) 962-4270
Email: ronald.phillips@eeoc.gov

Dated: _____

_____
MEGAN M. BLOCK
SENIOR TRIAL ATTORNEY
PA Bar No. 319263
EEOC – Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: (412) 588-6934
Fax: (412) 395-5749
Email: megan.block@eeoc.gov

Dated: _____

FOR ROUTE 22 SPORTS BAR, INC. AND
CRAZY MEXICAN RESTAURANT & GRILL,
LLC:

10.19.21

MARLA PRESLEY
WV Bar No. 9771
JACKSON LEWIS P.C.
1001 Liberty Ave., Suite 1000
Pittsburgh, PA 15222
Phone: 412-338-5148
Fax: 412-232-3441
marla.presley@jacksonlewis.com
*Counsel for Route 22 Sports Bar, Inc.*

_____
EDWARD I. LEVICOFF
WV Bar No. 12486
The Levicoff Law Firm
4 PPG Place, Suite 200
Pittsburgh, PA 15222
Phone: 410-415-2005
Fax: 410-415-2001
elevicoff@Levicofflaw.com
*Counsel for Crazy Mexican
Restaurant & Grill, LLC*

Dated: _____

EVELYN CRUZ
OWNER OF ROUTE 22 SPORTS BAR,
INC. AND CRAZY MEXICAN
RESTAURANT & GRILL, LLC

Dated: 10·6·21 _____

**IT IS AGREED:**

**FOR THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

GWENDOLYN YOUNG REAMS
ACTING GENERAL COUNSEL

LISA MORELLI
ACTING ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

_____
DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: _____

_____
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
OH Bar No. 0070263
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6714
Fax: (410) 962-4270
Email: ronald.phillips@eeoc.gov

Dated: _____

_____
MEGAN M. BLOCK
SENIOR TRIAL ATTORNEY
PA Bar No. 319263
EEOC – Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: (412) 588-6934
Fax: (412) 395-5749
Email: megan.block@eeoc.gov

Dated: _____

**FOR ROUTE 22 SPORTS BAR, INC. AND CRAZY MEXICAN RESTAURANT & GRILL, LLC**

_____
MARLA PRESLEY
WV Bar No. 9771
JACKSON LEWIS P.C.
1001 Liberty Ave., Suite 1000
Pittsburgh, PA 15222
Phone: 412-338-5148
Fax: 412-232-3441
marla.presley@jacksonlewis.com
*Counsel for Route 22 Sports Bar, Inc.*

_____
EDWARD I. LEVICOFF
WV Bar No. 12486
The Levicoff Law Firm
4 PPG Place, Suite 200
Pittsburgh, PA 15222
Phone: 410-415-2005
Fax: 410-415-2001
elevicoff@Levicofflaw.com
*Counsel for Crazy Mexican
Restaurant & Grill, LLC*

Dated: 10/6/21

_____
EVELYN CRUZ
OWNER OF ROUTE 22 SPORTS BAR,
INC. AND CRAZY MEXICAN
RESTAURANT & GRILL, LLC

Dated: _____

21

**IT IS SO ORDERED:**

Date: __10·20·2021__

HONORABLE JOHN PRESTON BAILEY
United States District Judge

# EXHIBIT A

## Title VII Claims Release and Waiver

Pursuant to the Consent Decree entered in *U.S. Equal Employment Opportunity Commission v. Route 22 Sports Bar, Inc. and Crazy Mexican Restaurant & Grill, LLC*, No. 5:21-cv-00007 (N.D.W. Va.), and in consideration of payment in the gross amount of Ninety-Five Thousand Dollars ($95,000.00), of which Fifteen Thousand Dollars ($15,000.00) shall constitute monetary relief for the claim for back pay, and Eighty Thousand Dollars ($80,000.00) shall constitute compensatory damages, I, Madelene M. Billick, hereby agree to release Route 22 Sports Bar, Inc. and Crazy Mexican Restaurant & Grill, LLC ("Released Parties") from any claims that I may have under Title VII of the Civil Rights Act of 1964, as amended, that are set forth in the EEOC's Complaint in the above-styled and numbered action. I further agree and covenant that I will not institute any civil action against any of the Released Parties regarding the aforementioned claims. I understand that the Consent Decree, once approved and entered by the Court, shall fully resolve all claims alleged in EEOC's Complaint filed in above-styled and numbered action.

_____

Madelene M. Billick (signature)


_____

Date

# EXHIBIT B

## Title VII Claims Release and Waiver

Pursuant to the Consent Decree entered in *U.S. Equal Employment Opportunity Commission v. Route 22 Sports Bar, Inc. and Crazy Mexican Restaurant & Grill, LLC*, No. 5:21-cv-00007 (N.D.W. Va.), and in consideration of payment in the gross amount of _____, which shall constitute compensatory damages for emotional distress and punitive damages, I, _____, hereby agree to release Route 22 Sports Bar, Inc. and Crazy Mexican Restaurant & Grill, LLC ("Released Parties") from any claims that I may have under Title VII of the Civil Rights Act of 1964, as amended, that are set forth in the EEOC's Complaint in the above-styled and numbered action.  I further agree and covenant that I will not institute any civil action against any of the Released Parties regarding the aforementioned claims. I understand that the Consent Decree, once approved and entered by the Court, shall fully resolve all claims alleged in EEOC's Complaint filed in above-styled and numbered action.


_____
Signature

_____
Date

# EXHIBIT C

**ELIGIBLE CLAIMANTS**

| NAME | AMOUNT |
|---|---|
| Melissa Porr | $37,500 |
| Emily Stoneking | $20,000 |
| Paige Creamer | $20,000 |
| Keara Kush | $15,000 |
| Madison Cook | $10,000 |
| Zoee Cook | $10,000 |
| Emily Hoyt | $10,000 |

# EXHIBIT D



# COURT ORDERED LEGAL NOTICE TO EMPLOYEES

This Notice is being posted pursuant to a settlement with the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, resolving *U.S. Equal Employment Opportunity Commission v. Route 22 Sports Bar, Inc. and Crazy Mexican Restaurant & Grill, LLC,* No. 5:21-cv-00007 (U.S. District Court – Northern District of West Virginia), a lawsuit alleging violations of Title VII of the Civil Rights Act, as amended ("Title VII").

To resolve the lawsuit, Route 22 Sports Bar, Inc., Crazy Mexican Restaurant & Grill, LLC, and the EEOC have voluntarily entered into an agreed federal court order, called a "consent decree," which provides, among other things, the following:

1) Carlos Cruz Perez is prohibited from holding any supervisory position at Route 22 Sports Bar, Inc. or Crazy Mexican Restaurant & Grill, LLC.

2) Carlos Cruz Perez is prohibited from directly communicating with, or supervising or overseeing the work of, any employee of Route 22 Sports Bar, Inc. or Crazy Mexican Restaurant & Grill, LLC.

3) Route 22 Sports Bar, Inc. and Crazy Mexican Restaurant & Grill, LLC are prohibited from discriminating against any employee because of sex, including but not limited to (a) creating, facilitating, or tolerating the existence of a hostile work environment because of sex, and/or (b) taking any adverse action against any employee because of sex.

4) Route 22 Sports Bar, Inc. and Crazy Mexican Restaurant & Grill, LLC are prohibited from retaliating against any person because they opposed any practice made unlawful or reasonably believed to be unlawful under Title VII, including but not limited to reporting sexual harassment; filing a charge of discrimination under Title VII; and/or testifying, assisting, or participating in any manner in any investigation, proceeding, or hearing under Title VII.

5) Route 22 Sports Bar, Inc. and Crazy Mexican Restaurant & Grill, LLC will provide training to all owners, officers, directors, and employees (managerial and non-managerial) regarding Title VII requirements, including but not limited to, Title VII's prohibition against discrimination, harassment, and retaliation and company procedures for reporting, investigating, and responding to allegations of discrimination and harassment.

6)      Route 22 Sports Bar, Inc. and Crazy Mexican Restaurant & Grill, LLC will submit reports to the EEOC concerning employee complaints of harassment, discrimination, and retaliation.

The EEOC enforces federal laws that prohibit harassment and other discrimination in employment on the basis of sex, pregnancy/childbirth/related medical conditions, race, color, national origin, religion, disability, age, genetic information, or retaliation for opposing practices reasonably believed to be discriminatory or filing or participating in a charge of discrimination. If you believe you have been harassed or discriminated against, or retaliated against for opposing or reporting discrimination, you have a right under federal law to contact the EEOC and report that conduct.  EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or via e-mail at info@eeoc.gov.  The EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints.

**This Notice must remain posted for four (4) years from the date below and must not be altered, defaced, or covered by any other material.**

_____           _____
Date                                                    Evelyn Cruz, Owner



# AVISO LEGAL PARA LOS EMPLEADOS
# ORDENADO POR LA CORTE

Este Aviso se publica de conformidad con un acuerdo con la Comisión de Igualdad de Oportunidades en el Empleo de EE. UU. ("EEOC"), una agencia del Gobierno de los Estados Unidos, que resuelve la Comisión de Igualdad de Oportunidades de Empleo de EE. UU. Contra Route 22 Sports Bar, Inc. y Crazy Mexican Restaurant & Grill, LLC, No. 5: 21-cv-00007 (Tribunal de Distrito de EE. UU. - Distrito Norte de Virginia Occidental), una demanda que alega violaciones del Título VII de la Ley de Derechos Civiles, según se enmienda ("Título VII").

Para resolver la demanda, Route 22 Sports Bar, Inc., Crazy Mexican Restaurant & Grill, LLC y la EEOC han firmado voluntariamente una orden judicial federal acordada, denominada "decreto de consentimiento", que establece, entre otras cosas, lo siguiente:

1) Carlos Cruz Perez tiene prohibido ocupar un puesto de Supervisor en Route 22 Sports Bar, Inc. o en Crazy Mexican Restaurant & Grill, LLC.

2) Carlos Cruz Perez tiene prohibido comunicarse directamente con, o supervisor o verificar el trabajo de cualquier empleado de Route 22 Sports Bar, Inc. o de Crazy Mexican Restaurant & Grill, LLC.

3) Route 22 Sports Bar, Inc. y Crazy Mexican Restaurant & Grill, LLC tienen prohibido discriminar en contra de cualquier de cualquier por razón de sexo, lo que incluye, entre otros, (a) crear, facilitar o tolerar la existencia de un entorno de trabajo hostil porque de sexo, y / o (b) tomar cualquier acción adversa contra cualquier empleado debido a su sexo.

4) Se prohíbe a Route 22 Sports Bar, Inc. y Crazy Mexican Restaurant & Grill, LLC tomar represalias contra cualquier persona porque se opusieran a cualquier práctica ilegalizada o razonablemente considerada ilegal según el Título VII, que incluye, entre otros, denunciar el acoso sexual; presentar un cargo de discriminación bajo el Título VII; y / o testificar, ayudar o participar de cualquier manera en cualquier investigación, procedimiento o audiencia bajo el Título VII.

5) Route 22 Sports Bar, Inc. y Crazy Mexican Restaurant & Grill, LLC brindarán capacitación a todos los propietarios, funcionarios, directores y empleados (gerenciales y no gerenciales) con respecto a los requisitos del Título VII, incluidos, entre otros, los del Título VII. prohibición contra la discriminación, el acoso y las

represalias y los procedimientos de la empresa para denunciar, investigar y responder a las denuncias de discriminación y acoso.

6) Route 22 Sports Bar, Inc. y Crazy Mexican Restaurant & Grill, LLC presentarán informes a la EEOC sobre las quejas de los empleados sobre acoso, discriminación y represalias.

La EEOC hace cumplir las leyes federales que prohíben el acoso y otra discriminación en el empleo por motivos de sexo, embarazo / parto / afecciones médicas relacionadas, raza, color, nacionalidad, religión, discapacidad, edad, información genética o represalias por prácticas opuestas razonablemente creídas. ser discriminatorio o presentar o participar en un cargo de discriminación. Si cree que ha sido acosado o discriminado, o ha tomado represalias por oponerse o denunciar la discriminación, tiene derecho, según la ley federal, a ponerse en contacto con la EEOC y denunciar esa conducta. Puede comunicarse con EEOC al (800) 669-4000, TTY para personas con problemas de audición al (800) 669-6820, o por correo electrónico a info@eeoc.gov. La EEOC es una agencia federal encargada de hacer cumplir la ley y no cobra honorarios por recibir e investigar las quejas.

**Este Aviso debe permanecer publicado durante cuatro (4) años a partir de la fecha a continuación y no debe ser alterado, desfigurado ni cubierto por ningún otro material.**

_____
Fecha

_____
Evelyn Cruz, Propietaria.